IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>ROBERTO SANCHEZ-QUESADA<br>Defendant | CRIMINAL 09-0079CCC |

**O R D E R**

Before the Court are the Objections to the Presentence Report filed by defendant Roberto Sánchez-Quesada on May 10, 2009 (docket entry 82). Defendant first objects to the Pre-Sentence Report's (PSR) failure to reflect a downward adjustment of three (3) levels in his total offense level under the District's Fast-Track program. He also objects to the application of a sixteen (16) level upward adjustment under U.S.S.G. §2L1.2(b)(1)(a)(i) claiming that he served less than thirteen (13) months on his prior drug trafficking conviction.

Both objections are meritless. While it is true that the PSR does not award defendant the three-level downward departure recognized in the Plea Agreement for having qualified under the District's Fast-Track program, it does note in its Section F, ¶ 48, p. 12, his eligibility for that departure. The Court, indeed, will award defendant the contemplated departure pursuant to U.S.S.G. §5K3.1.

As to the second objection, it is undisputed that defendant's prior conviction was for a felony drug trafficking offense. He was sentenced on September 29, 2004 to serve a term of imprisonment of thirty-nine (39) months to life, although he was paroled to a life term on May 16, 2005 and transferred to the custody of the Bureau of Immigrations and Customs Enforcement until his deportation on June 1, 2005. Apparently relying on the fact that he was paroled before serving more than thirteen (13) months of his sentence for the drug

CRIMINAL 09-0079CCC                                   2

trafficking offense,[1] defendant argues that the sixteen (16) level upward adjustment awarded him under U.S.S.G. §2L1.2(b)(1)(a)(i) for having been previously deported after a conviction for a felony that is "a drug trafficking offense for which the sentence imposed exceeded 13 months" is inapplicable.

Application Note 1 to U.S.S.G. §2L1.2 states that the phrase "sentence imposed" used in said Guideline "has the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of §4A1.2 (Definitions and Instructions for Computing Criminal History), without regard to the date of the conviction." Subsection (b) of §4A1.2, in turn, defines "sentence of imprisonment" as "a sentence of incarceration and refers to the maximum sentence imposed," although it clarifies that "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." Defendant seems to suggest that "parole" is the equivalent of a sentence suspension, and that by being paroled prior to serving at least 13 months in his sentence his drug trafficking conviction fails to qualify for the sixteen (16) level upward adjustment under U.S.S.G. §2L1.2. The courts that have addressed that specific argument, however, have resoundingly rejected parole as a sentence-altering event. See United States v. Frías, 338 F.3d 206, 212 (3d Cir.2003) (holding that the "sentence imposed" means the maximum term of imprisonment in an indeterminate sentence even though a defendant may be paroled before serving a year in prison); United States v. Méndez-Villa, 346 F.3d 568, 570 (5th Cir.2003) (per curiam) (holding that "the plain language of the Guidelines and the authoritative commentary indicate that any portion of the sentence spent on parole shall be

---

[1] In his Objections, defendant averred having served less than thirteen (13) months on his prior conviction, but never indicated that this was the result of being paroled. Instead, he insisted on obtaining copy of the sentencing court's documents to determine "whether probation, suspension, deferral and stay . . . were imposed in this case." Objections, at p. 3. On June 3, 2009, the Court ordered the U.S. Probation Office to provide defendant with copies of all such documents (docket entry 86). Defendant subsequently filed a Motion Requesting a Variance (docket entry 87) (later withdrawn, see docket entry 88), where he did acknowledge that his abbreviated imprisonment was the result of being paroled.

CRIMINAL 09-0079CCC                     3

included in the calculation of the 'sentence imposed' per U.S.S.G. §2L1.2(b)(1)"); <u>United States v. Rodríguez-Arreola</u>, 313 F.3d 1064, 1066-67 (8th Cir.2002) (applying the 16-level enhancement when a defendant served 8 months of an 8 month to 5 year sentence and explaining that parole does not alter the "sentence imposed," which means the sentence reflected in the criminal judgment, not the sentence ultimately served); <u>United States v. Valdovinos-Soloache</u>, 309 F.3d 91, 93-95 (2d Cir.2002) (per curiam) (concluding the sentence imposed was the original 10 year sentence although defendant was paroled after serving only 5 months).  Thus, we conclude that defendant's parole had no effect on the length of the "sentence imposed" for his prior felony drug trafficking crime for purposes of U.S.S.G. §2L1.2(b)(1)(a)(i).  As, pursuant to the interplay between the relevant Guidelines sections, the "sentence imposed" for said offense was life, the sixteen (16) level upward adjustment awarded him under U.S.S.G. §2L1.2(b)(1)(a)(i) was correctly applied in the PSR

SO ORDERED.

At San Juan, Puerto Rico, on June 30, 2009.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge